UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

ONCE, LLC,

Plaintiff,

v.

PIXLY GROUP, INC.,

Defendant.

Case No.: 25-cv-1503-AGS-DEB

**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (ECF 7) AND GRANTING A PERMANENT INJUNCTION**

This copyright-infringement suit focuses on a movie owned by plaintiff Once, LLC. After defendant Pixly Group, Inc., failed to defend the action, the Clerk entered default against it. Plaintiff now seeks to convert that default entry into a default judgment.

**JURISDICTION**

Before entering "judgment" "against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). In particular, the Court must ensure "the defendant has been served properly under Fed. R. Civ. P. 4." *Direct Mail Specialists v. Eclat Computerized Techs.*, 840 F.2d 685, 688 (9th Cir. 1988).

Subject-matter and personal jurisdiction are not barriers to this Court's review here. Subject-matter jurisdiction exists because district courts have "original jurisdiction of any civil action" "relating to . . . copyrights." *See* 28 U.S.C. § 1338(a). And this Court has personal jurisdiction over Pixly because its "principal place of business" is in "California." (ECF 7-1, at 11–12.) Thus, it has "indicate[d]" a "general submission to" personal jurisdiction in California courts. *See J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 880 (2011); *see also* Cal. Civ. Proc. Code § 410.10 (permitting California courts to exercise personal jurisdiction "on any basis not inconsistent with the Constitution of this state or of the United States").

As for service, a "corporation" is properly served when the party "follow[s] state

1

25-cv-1503-AGS-DEB

law [procedures] for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located." Fed. R. Civ. P. 4(e)(1), (h)(1)(A). In California, "corporation[s]" may be served by "delivering a copy of the summons and the complaint" to "the person designated as agent for service of process." Cal. Civ. Proc. Code § 416.10(a). Plaintiff Once did just that by serving Pixly's "[r]egistered [a]gent" "via personal service." (ECF 4, at 1; ECF 7-1, at 11.)

**DISCUSSION**

**A.      Discretionary Factors**

After jurisdiction is established, the "district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); Fed. R. Civ. P. 55(b)(2). This discretion is guided by the seven *Eitel* factors: "(1) the possibility of prejudice to plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning the material facts; (6) whether the default was due to excusable neglect, and (7) the strong [public] policy . . . favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). In this analysis, the "factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977).

Turning to the first factor—the possibility of prejudicing plaintiff—plaintiffs suffer prejudice if, absent default, they would be "without other recourse for recovery." *PepsiCo v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). This lawsuit was not Once's first step to resolve this dispute. After first discovering that "Pixly reproduced and publicly displayed the copyrighted Work on its website," Once "notified Pixly in writing of [its] copyrights" and "demanded that it cease the infringing." (ECF 7-1, at 18; ECF 7-2, at 3.) But Once "never received a response," and its copyright has now gone infringed for more than "six (6) years." (ECF 7-2, at 3.) Given Pixly's ongoing failure to respond to Once's communications or to this lawsuit, Once "would be left without a remedy against [Pixly]" for its infringement—and thus suffer prejudice—"if default judgment were not

2

entered." *See Nolan v. Calello*, No. 2:21-cv-00981-AB-RAO, 2021 WL 4621945, at *3 (C.D. Cal. July 8, 2021). This consideration weighs in plaintiff's favor.

The next two factors—the "merits" of the claim and the "sufficiency of the complaint"—are often considered together, and they "require that a plaintiff 'state a claim on which the [plaintiff] may recover.'" *PepsiCo, Inc.,* 238 F. Supp. 2d at 1175 (considering these factors together and quoting *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978)). The complaint asserts three causes of action (ECF 1, at 4–6), but plaintiff only moves for default judgment on its copyright-infringement claim (ECF 7-1, at 13). To prevail on that claim, plaintiff must show "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Woodland v. Hill*, 136 F.4th 1199, 1206 (9th Cir. 2025). The first element is met: Plaintiff holds a registered copyright for its film (ECF 1-2, at 2), which is "prima facie evidence of the validity of the copyright," *see* 17 U.S.C. § 410(c). The second element is "bifurcate[d]" into "two distinct components: copying and unlawful appropriation." *Woodland*, 136 F.4th at 1206 (cleaned up). Plaintiff Once alleges that Pixly "reproduce[d], display[ed], and distribute[d]" the copyrighted film without Once's permission. (ECF 7-1, at 14.) So, plaintiff sufficiently stated a claim that Pixly both "cop[ied]" and "unlawful[ly] appropriate[ed]" the film. *See Woodland*, 136 F.4th at 1206. Both these factors favor plaintiff.

For the fourth *Eitel* factor, a "substantial amount at stake disfavors default judgment," but "when the money at stake is tailored to defendant's specific misconduct, default judgment may still be appropriate." *INNsight.com v. Myeres.com Rsrvs*, No. 22-cv-0360-AGS-DEB, 2023 WL 6217361, at *2 (S.D. Cal. May 1, 2023). Even if the Court assumes that the award sought is "substantial"—and that this factor cuts against a default judgment—the sum is still within the statutory damages amount set by Congress. So, this factor alone would not preclude default judgment.

Next, there is no "possibility of a dispute concerning material facts," *see Eitel*, 782 F.2d at 1471–72, so the fifth factor also favors plaintiff. Because the defendant never

3

appeared and default has been entered, "no genuine dispute of material facts would preclude granting [p]laintiff's motion." *See PepsiCo, Inc.*, 238 F. Supp. 2d at 1177.

Turning to the sixth factor—excusable neglect—"the Court considers whether defendant was provided adequate notice as well as the circumstances surrounding defendant's failure to answer the complaint." *INNsight.com*, 2023 WL 6217361, at *3. Pixly had proper notice of the complaint upon service and may have been on notice even before that—"[p]rior to retaining counsel," Once's owner "notified Pixly of the infringing use, but never received a response." (ECF 7-2, at 3.) As the notice here was adequate, and nothing in the record suggests that Pixly's neglect was excusable, this factor supports default judgment.

Finally, the public-policy factor favors "decisions on the merits" and usually weighs against default judgment. *See Eitel*, 782 F.2d at 1472. But when a defendant's failure to defend an action "makes a decision on the merits impracticable, if not impossible," as here, an entry of default judgment is nevertheless warranted. *See PepsiCo, Inc.*, 238 F. Supp. 2d at 1177.

In sum, the discretionary factors weigh heavily in favor of default judgment.

**B.     Requested Relief**

Once seeks: (1) "$150,000," which is the maximum "statutory damages award" for willful infringement, (2) "attorneys' fees and costs," (3) "pre- and post-judgment interest," and (4) "permanent injunctive relief." (ECF 7-1, at 14–15, 21–22.)

**1.  *Damages***

If the Court finds that "infringement was committed willfully," it "may increase the award of statutory damages to a sum of not more than $150,000." 17 U.S.C. § 504(c)(2). The Court has "wide discretion in determining the amount of statutory damages to be awarded." *Harris v. Emus Records Corp.*, 734 F.2d 1329, 1335 (9th Cir. 1984).

Copyright infringement is "willful" when committed with "knowledge that the defendants' conduct constituted an act of infringement." *Peer Int'l Corp. v. Pausa Records*, 909 F.2d 1332, 1335 (9th Cir. 1990). "[T]o prove willfulness under the Copyright Act, the

plaintiff must show (1) that the defendant was actually aware of the infringing activity, or (2) that the defendant's actions were the result of reckless disregard for, or willful blindness to, the copyright holder's rights." *Unicolors v. Urban Outfitters*, 853 F.3d 980, 991 (9th Cir. 2017). In the default-judgment context, when a plaintiff has "specifically pled that the defendant[] engaged in continuing willful infringement of its copyright[]," there is an "implied finding of willfulness." *Aries Music Ent. v. Angelica's Rec. Distributors*, 506 F. App'x 550, 552 (9th Cir. 2013).

Once's contention of willfulness is well supported by the undisputed facts in the record. (*See* ECF 1, at 5–6.) Pixly "displayed" plaintiff's film on its website, ignored both this lawsuit and Once's "notifi[cation]" of the "infringing use," and likely did not believe that it owned the copyright itself. (ECF 7-2, at 2–3.) So, it was either "actually aware" of its infringing activity or "willful[ly] blind[]" to it, and thus acted willfully. *See Unicolors*, 853 F.3d at 991. In any event, plaintiff Once "specifically pled that the defendant[] engaged in continuing willful infringement," *see Aries Music*, 506 F. App'x at 552, in that it alleged that Pixly's "acts were willful" and that the infringement has continued since Once "discovered the unauthorized use of its" film years ago (ECF 1, at 4–5). So, there's also an "implied finding of willfulness." *See Aries Music*, 506 F. App'x at 552.

Still, "statutory damages should be proportional to the damages suffered by the copyright holder." *Star Fabrics v. Zappos Retail*, No. CV 13-00229 MMM (MRWx), 2013 WL 12123687, at *7 (C.D. Cal. Sept. 10, 2013). That assessment is complicated here, as Once provided none of the information necessary to calculate a proportional damage award. The Court does not know, for example, Once's customary licensing fee, the cost of making the video, or lost revenues. Plaintiff merely asserts that its "damages are substantial" and that the film has "lost significant value," without specifying any values. (*See* ECF 7-1, at 15; ECF 7-2, at 4.) When a plaintiff establishes willfulness at the default-judgment stage but "adduce[s] no specific factual support for the damages it seeks," many courts decline to award the $150,000 maximum and instead award "$30,000," the statutory maximum for non-willful infringement. *See, e.g., Star Fabrics*, 2013 WL 12123687, at *7

(collecting cases and awarding $30,000). This Court agrees that $150,000 would be disproportionate to the actual damages on this record and awards Once $30,000 instead. This amount adequately "send[s] a signal" that infringers "will pay a substantial price for willfully infringing the intellectual property rights of others." *Id.* (cleaned up).

### 2. *Attorneys' Fees and Costs*

Plaintiff Once also seeks "$4,475.00" in attorney's fees and "$505.00" in costs. (ECF 7-1, at 24.) Courts may award "recovery of full costs" and a "reasonable attorney's fee to the prevailing party." 17 U.S.C. § 505. Once's counsel provided a detailed account of its hourly rate, hours spent on this litigation, and costs incurred. The requested amounts are well within the range that this Court granted in a similar case. *See INNsight.com*, 2023 WL 6217361, at *4 (allowing "$5,040.00 in attorney fees" and "798.97 in costs" for a copyright-case default judgment). So, the fee and cost requests are granted.

### 3. *Pre- and Post-Judgment Interest*

Plaintiff next seeks "pre- and post-judgment interest" "for the total damage award," including fees and costs. (ECF 1, at 7; ECF 7-1, at 21.) Prejudgment interest "is available under the Copyright Act," *Polar Bear Productions v. Timex Corp.*, 384 F.3d 700, 716, 718 (9th Cir. 2004), and "post[-]judgment interest on a district court judgment is mandatory," *Air Separation v. Underwriters at Lloyd's of London*, 45 F.3d 288, 290 (9th Cir. 1995) (citing 28 U.S.C. § 1961(a)). To qualify for "prejudgment interest on default judgment," plaintiff must "allege[] entitlement to such interest in its complaint," as Once has done here. *See Shaw v. Ultimate Franchises*, No. 8:18-cv-02273-JLS-ADS, 2022 WL 2132688, at *6 (C.D. Cal. Feb. 2, 2022); (ECF 1, at 7).

Like many other courts, this Court finds that "the interest rate prescribed for post-judgment interest under 28 U.S.C. § 1961 is appropriate for fixing the rate of pre-judgment interest." *See Oracle USA v. Rimini St.*, 879 F.3d 948, 963 (9th Cir. 2018), *overruled on other grounds by Rimini St. v. Oracle USA*, 586 U.S. 334 (2019). The applicable interest rate for both the pre- and post-judgment period is "the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the

Federal Reserve System, for the calendar week preceding[] the date of the judgment." 28 U.S.C. § 1961(a).

### 4. *Injunctive Relief*

Finally, plaintiff Once asks the Court to "permanently enjoin" Pixly from infringing its copyrighted film. (ECF 1, at 6.) A party "seeking a permanent injunction" must show that: (1) "it has suffered an irreparable injury;" (2) "remedies available at law, such as monetary damages, are inadequate to compensate for that injury;" (3) "considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted;" and (4) "the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange*, 547 U.S. 388, 391 (2006).

Once asserts that, after a party establishes "copyright" infringement, there is a "presumption of irreparable injury" "[w]ith regard to the first two factors." (ECF 7-1, at 23 (citing *Cadence Design Sys. v. Avant! Corp.*, 125 F.3d 824, 826 (9th Cir. 1997) and *MAI Sys. Corp. v. Peak Comput.*, 991 F.2d 511, 520 (9th Cir. 1993)).) But that "presumption" was "effectively overruled" by *eBay*, so this Court cannot "presum[e] irreparable harm." *Flexible Lifeline Sys. v. Precision Lift.*, 654 F.3d 989, 998 (9th Cir. 2011).

Instead, to satisfy the first two factors, Once must "establish that remedies available at law, such as monetary damages, are inadequate to compensate for the injury arising from" Pixly's "continuing . . . infringing." *Herb Reed Enters. v. Florida Ent. Mgmt.*, 736 F.3d 1239, 1249–50 (9th Cir. 2013). Once has met that burden. Given "the unique techniques" used to "create" this movie, Once asserts that this film is "scarce." (ECF 7-2, at 3.) Yet that same video, on Pixly's webpage, has "29.8 million views" (and counting), rendering it less and less scarce. (*See id.*) There is no amount of money that could undo the film's lost "scarc[ity]" and "exclusiv[ity]" (*id.* at 4), so "remedies available at law" would be "inadequate," *see Herb Reed*, 736 F.3d at 1249–50.

The balance of hardships also decidedly supports an injunction. Injunctive relief would save Once from the illegal infringement of its copyrighted work, while imposing upon Pixly the duty merely to comply with the law. It's a "long-settled principle that harm

7

caused by illegal conduct does not merit significant equitable protection." *Disney Enters. v. VidAngel*, 869 F.3d 848, 867 (9th Cir. 2017).

Finally, the "public interest would not be disserved by a permanent injunction." *See eBay*, 547 U.S. at 391. To the contrary, "the public has a compelling interest in protecting copyright owners' marketable rights to their work." *Disney*, 869 F.3d at 867.

Thus, Once's request for a permanent injunction is granted to the extent set forth below. *See* 17 U.S.C. § 502(a) (allowing courts to "grant temporary and final injunctions" in "copyright" cases); *see also* Fed. R. Civ. P. 65(d).

**CONCLUSION**

Plaintiff's motion for default judgment is **GRANTED in part**. By **March 20, 2026**, Once is ordered to file its proposed calculation using the interest rate under 28 U.S.C. § 1961(a), as applied to the $34,980 damages award (that is, the $30,000 statutory award plus $4,475 in fees and $505 in costs). The prejudgment interest calculation will run from the "date of infringement" on "May 7, 2019" (ECF 7-3, at 3), through the date of this judgment. The post-judgment calculation will run from the date of this judgment "to the date of payment," with interest "computed daily" and "compounded annually." *See* 28 U.S.C. § 1961(b).

Pixly, as well as its officers, agents, employees, and attorneys, are **PERMANENTLY ENJOINED** from directly or indirectly infringing upon Once's film entitled "Tarlton Construction – Brand Film," which is copyrighted under registration number PA 1-896-406. (*See* ECF 1, at 3; ECF 1-2, at 2.) They may not reproduce, display, or distribute that film—or copies of it—without Once's authorization.

The Clerk is directed to enter judgment in plaintiff's favor.

Dated:  March 6, 2026

Hon. Andrew G. Schopler
United States District Judge

25-cv-1503-AGS-DEB